**Reversed and Remanded and Opinion filed October 10, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00963-CV

### MICHAEL E. FITZMAURICE, Appellant

### V.

### HARVELLA JONES, Appellee

### V.

## NO. 14-12-01121-CV

### WILLIAM FITZMAURICE, DOROTHY FITZMAURICE, GREGORY BRUMBAUGH AND KAREN MCCLURE, Appellants

### V.

### HARVELLA JONES, Appellee

On Appeal from the 155th District Court
Waller County, Texas
Trial Court Cause No. 12-10-21653

# **O P I N I O N**

In cause number 14-12-00963-CV, Michael E. Fitzmaurice appeals from the trial court's order denying his motion to dismiss Harvella Jones's suit against him. In cause number 14-12-01121-CV, William Fitzmaurice, Dorothy Fitzmaurice, Gregory Brumbaugh, and Karen McClure appeal from the trial court's order denying their motion to dismiss Jones's suit against them. We reverse and remand.

## **Overview**

This appeal focuses on the "Texas Citizens Participation Act," which is codified in Chapter 27 of the Civil Practices and Remedies Code under the heading "Actions Involving the Exercise of Certain Constitutional Rights." *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011 (Vernon Supp. 2012). This statute is an anti-SLAPP law, which is an acronym for "Strategic Lawsuits Against Public Participation." *See Rehak Creative Servs. Inc. v. Witt*, 404 S.W.3d 716, 719 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

Chapter 27 seeks to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code Ann. § 27.002. It does so by establishing a mechanism for early dismissal of lawsuits that threaten the right of free speech, the right to petition, or the right of association. *Rehak*, 404 S.W.3d at 719. The statute is to be "construed liberally to effectuate its purpose and intent fully." *Id*. § 27.011(a).

In this case, we must apply this statute to a libel and business disparagement claim.

## Background

This appeal arises from a dispute involving the Remington Forest Subdivision Homeowners Association, Inc. after a petition drive to recall its board members and replace them with a new board. The ousted board members were Michael Fitzmaurice, William Fitzmaurice, Dorothy Fitzmaurice, Gregory Brumbaugh, and Karen McClure.

The Remington Forest homeowners association sued the new board and served Jones as an agent for the new board. Jones is the president of the National Homeowners Advocate Group, LLC; according to Jones, she worked with Remington Forest homeowner John Burton and others to accomplish the recall of the Remington Forest homeowners association board and replace it with a new board.

Jones contends that the Remington Forest homeowners association made defamatory statements about her in the lawsuit it filed seeking a declaratory judgment in connection with the new board. Jones sued Michael Fitzmaurice on June 28, 2012, asserting claims for libel and "defamation of business reputation." We construe Jones's claim for "defamation of business reputation" to be a claim for business disparagement. *See Rehak*, 404 S.W.3d at 728.

Michael Fitzmaurice filed a general denial and a "Motion to Dismiss Based on the Anti-Slapp Statute" on July 23, 2012. Michael Fitzmaurice argued in his motion to dismiss that Jones's petition "fails as a matter of law" because (1) he is not a party to the Remington Forest homeowners association's lawsuit and he did not make any defamatory statements; and (2) the statements are not actionable because "they were made in a pleading for a judicial proceeding and therefore have an absolute privilege attached to them." He also asked the court to award him legal fees and costs pursuant to Texas Civil Practice and Remedies Code section

3

27.009(a).

Jones filed a response to Michael Fitzmaurice's motion to dismiss and a motion for sanctions pursuant to Texas Rule of Civil Procedure 13 on July 27, 2012. Jones alleged that Michael Fitzmaurice's motion to dismiss contained "several misstatements pertaining to [Jones]'s libel suit" and reiterated that the "statements made throughout his lawsuit" contained several libelous statements. Jones also asked the trial court to impose sanctions under Rule 13 on Michael Fitzmaurice and his attorney for filing a frivolous motion to dismiss.

Jones filed a first amended petition on August 1, 2012; the amended petition added Dorothy Fitzmaurice, Greg Brumbaugh, Karen McClure, and William Fitzmaurice as defendants but made no new allegations with regard to her libel and business disparagement claims.[1]

Jones filed a supplement to her response to Michael Fitzmaurice's motion to dismiss and a supplement to her motion for sanctions on October 8, 2012 under cause number 12-10-21653. In her supplement, she made no new arguments except to allege that the "point of a SLAPP is to intimidate and silence the target through the threat of an expensive lawsuit." She attached two articles discussing anti-SLAPP law and alleged that the attached articles will "explain in more detail the true purpose of this statute and will show it is not appropriate for use by

---

[1] On August 8, 2012, the Remington Forest homeowners association filed a "Motion to Sever the claims asserted by [Jones] in her First Amended Petition styled *Harvella Jones vs. Michael E. Fitzmaurice, Dorothy Fitzmaurice, Greg Brumbaugh, Karen McClure, and William Fitzmaurice* from the above entitled and numbered Cause No. 12-06-21502." In the motion, Remington Forest homeowners association argued that Jones's claims were not properly before the trial court under the original case cause number 12-06-21502 because neither Jones nor the defendants named in Jones's amended petition are parties to the original case involving the Remington Forest homeowners association and the "Putative Board." At some point, Jones's claims against Michael Fitzmaurice, Dorothy Fitzmaurice, Greg Brumbaugh, Karen McClure, and William Fitzmaurice were assigned cause number 12-10-21653 and all further pleadings were filed under that assigned cause number.

[Michael Fitzmaurice] to seek dismissal of [Jones]'s lawsuit." Jones asked the trial court to impose sanctions under Rule 13 because Michael Fitzmaurice has abused the system by invoking the anti-SLAPP statute to seek dismissal of a legitimate complaint against him.

Michael Fitzmaurice filed a reply to Jones's supplement to her response to Michael Fitzmaurice's motion to dismiss on October 9, 2012. He argued that dismissal of Jones's claims is mandatory under the anti-SLAPP statute because (1) he is not a party to the Remington Forest homeowners association's lawsuit and did not publish any defamatory statements about Jones; and (2) the statements upon which Jones predicates her claims are not actionable because they were made in a pleading and are absolutely privileged. He also asked the court to award him legal fees and costs pursuant to Texas Practice and Remedies Code section 27.009(a).

The trial court signed an order in cause number 12-10-21653 denying Michael Fitzmaurice's "Motion to Dismiss Based on the Anti-Slapp Statute" on October 10, 2012. Michael Fitzmaurice timely filed a notice of accelerated appeal on October 16, 2012, pursuant to Texas Civil Practice and Remedies Code section 27.008(c). *See Rehak*, 404 S.W.3d at 725 n.4 (citing *Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, No. 14–12–00896–CV, 2013 WL 407029 (Tex. App.—Houston [14th Dist.] Jan. 24, 2013, Order)).[2] His appeal was assigned cause number 14-12-00963-CV in this court.

Jones filed a second amended petition under cause number 12-10-21653 on October 10, 2012, naming Michael Fitzmaurice, Dorothy Fitzmaurice, Greg

---

[2] *See also Kinney v. BCG Attorney Search, Inc.*, No. 03-12-00579-CV, 2013 WL 4516106, at *3 (Tex. App.—Austin Aug. 21, 2013, no pet. h.) (mem. op.) (recognizing that legislature in its 2013 session amended chapter 54 of the Civil Practice and Remedies Code to provide for interlocutory appeal of a trial court's express denial of a motion to dismiss filed under section 27.003).

5

Brumbaugh, Karen McClure, and William Fitzmaurice as defendants. In her petition, Jones did not add any new claims or arguments.

Defendants Dorothy Fitzmaurice, Greg Brumbaugh, Karen McClure, and William Fitzmaurice filed a general denial in cause number 12-10-21653, and a "Motion to Dismiss Based on the Anti-Slapp Statute" on November 14, 2012. In their motion to dismiss, the defendants argued that Jones's petition "fails as a matter of law" because (1) defendants are not parties to Remington Forest homeowners association's lawsuit and they did not make any defamatory statements; and (2) the statements are not actionable because "they were made in a pleading for a judicial proceeding and therefore have an absolute privilege attached to them." The defendants also asked the court to award legal fees and costs in their favor pursuant to section 27.009(a).

Jones filed a response to the defendants' motion to dismiss on December 6, 2012. In her response, Jones stated that "[n]egative comments were posted on Facebook and various misinformation spread about [her] in the community by Defendants and because of [her] advocacy work with the homeowners, she was sued along with the new board and accused of being a member and 'acting as an officer of the Putative Board' being sued by the [Remington Forest homeowners association]." She did not attach any evidence to support her statement. Jones asked for sanctions against the defendants and their attorney.

On December 6, 2012, the trial court signed an order in cause number 12-10-21653 denying the November 14, 2012 motion to dismiss. The defendants timely filed a notice of accelerated appeal on December 10, 2012, pursuant to Texas Civil Practice and Remedies Code section 27.008(c); their appeal was assigned cause number 14-12-01121-CV in this court.

6

Michael Fitzmaurice, Dorothy Fitzmaurice, Greg Brumbaugh, Karen McClure, and William Fitzmaurice (collectively, "Appellants") filed a motion to consolidate their respective appeals. This court granted the motion and ordered the two appeals consolidated under appellate cause numbers 14-12-00963-CV and 14-12-01121-CV.

**Analysis**

Appellants argue that the trial court erred by denying their motions to dismiss Jones's claims for libel and business disparagement pursuant to section 27.005(c) because (1) the allegedly defamatory statements Jones complained about are subject to judicial privilege and are not actionable; and, alternatively, (2) Jones "failed to present clear and convincing evidence of each element of her libel claim as required" by section 27.005(c).

"A trial court "shall dismiss a legal action against the moving party if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b). "The court may not dismiss a legal action under this section if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c).

There is no dispute that Jones's claims for libel and business disparagement are based on, related to, or asserted in response to the "right to petition." The parties' dispute focuses on whether Jones met her section 27.005(c) burden to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." Conclusory statements are not probative and accordingly will not suffice to establish a prima facie case. *Better Bus. Bureau of*

7

*Metro. Houston, Inc. v. John Moore Servs., Inc.*, No. 01–12–00990–CV, 2013 WL 3716693, at\*5 (Tex. App.—Houston [1st Dist.] July 16, 2013, pet. filed) (citing *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223-24 (Tex. 2004)). The statute requires that the proof offered address and support each "essential element" of every claim asserted with "clear and specific evidence." *Id.* Accordingly, we examine the pleadings and the evidence[3] in a light favorable to Jones to determine whether she marshaled "clear and specific" evidence to support each element of her causes of action. *Id.*

On appeal from an order decided under section 27.005(c), we determine *de novo* whether the record contains a minimum quantum of clear and specific evidence that, unaided by inferences, would establish each essential element of Jones's claims for libel and business disparagement if no contrary evidence is offered. *See Rehak*, 404 S.W.3d at 727.

Libel is "a defamation expressed in written or other graphic form . . . ." Tex. Civ. Prac. & Rem. Code Ann. § 73.001 (Vernon 2011). A libel plaintiff must prove that the defendant "(1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement." *Rehak*, 404 S.W.3d at 727 (citing *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)).

A business disparagement claim is similar in many respects to a defamation action. *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex. 2003). The two torts differ in that defamation actions chiefly serve to protect the

---

[3] In determining whether a legal action should be dismissed under this chapter, the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based. Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a).

personal reputation of an injured party, while a business disparagement claim protects economic interests. *Id*. "Business disparagement requires proof of 'publication by the defendant of the disparaging words, falsity, malice, lack of privilege, and special damages.'" *Rehak*, 404 S.W.3d at 728 (quoting *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 82 (Tex. 2000)). The words at issue must be defamatory to be actionable as business disparagement. *Id*.

Appellants argue that Jones cannot meet her statutory burden because the statements Jones complained about are privileged.

Communications made in the due course of a judicial proceeding are absolutely privileged and will not serve as the basis of a civil action for libel, slander, or business disparagement, regardless of the negligence or malice with which they are made. *See James v. Brown*, 637 S.W.2d 914, 916 (Tex. 1982); *Kastner v. Kroger Co.*, No. 14-11-00445-CV, 2012 WL 4757920, at *5 (Tex. App.—Houston [14th Dist.] Oct. 4, 2012, no pet.) (mem. op.); *see also Ross v. Arkwright Mut. Ins. Co.*, 892 S.W.2d 119, 132 (Tex. App.—Houston [14th Dist.] 1994, no writ). This privilege extends to any statements made by the judges, jurors, counsel, parties, or witnesses and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits, and any pleadings or other papers in the case. *James*, 637 S.W.2d at 916–917; *Kastner*, 2012 WL 4757920, at *5. The privilege extends to statements made in contemplation of and preliminary to judicial proceedings. *Watson v. Kaminski*, 51 S.W.3d 825, 827 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (letter alleging that prisoner was trying to extort money from appellants and that he was likely to be sued if he attempted to do so came within judicial privilege, even though no litigation was pending).

The privilege encompasses communications that bear some relationship to pending or proposed litigation and further the representation. *Id.; but see Bell v. Lee*, 49 S.W.3d 8, 11 (Tex. App.—San Antonio 2001, no pet.) (privilege attaches if statement has some relationship to contemplated proceeding regardless of whether it actually furthers representation). Determining whether an allegedly defamatory communication is related to a proposed or existing judicial proceeding is a question of law. *Daystar Residential, Inc. v. Collmer*, 176 S.W.3d 24, 28 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). When deciding the issue, "the court must consider the entire communication in its context, and must extend the privilege to any statement that bears some relation to an existing or proposed judicial proceeding." *Id.* (quoting *Russell v. Clark*, 620 S.W.2d 865, 870 (Tex. Civ. App.—Dallas 1981, writ ref'd n.r.e.)). All doubt should be resolved in favor of the privilege. *Id.*

Here, Jones predicated her libel and business disparagement claims on allegations that statements in the Remington Forest homeowners association's original petition were defamatory and caused her damages. Because the statements Jones complained of were made in a pleading and relate to a judicial proceeding, these statements are absolutely privileged and cannot serve as the basis of a civil action for libel or business disparagement. *See James*, 637 S.W.2d at 916; *Kastner*, 2012 WL 4757920, at *5; *Daystar Residential*, 176 S.W.3d at 28; *Watson*, 51 S.W.3d at 827; *Arkwright*, 892 S.W.2d at 132.

In her petition and her response to the motion to dismiss, Jones included a passing reference to "lies" spread on Facebook. This passing reference does not constitute clear and specific prima facie evidence. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a); *Rehak*, 404 S.W.3d at 727. Jones did not attach any evidence of statements appearing on Facebook. Therefore, Jones did not meet her

burden to establish by clear and specific evidence each element of her claims in connection with asserted "lies" on Facebook as required by § 27.005(c). *See Rehak*, 404 S.W.3d at 727.

It follows that the trial court erred by denying Appellants' motions to dismiss Jones's claims for libel and business disparagement because Jones cannot sustain her burden to show by clear and specific evidence a prima facie case for each essential element of her claims. We further conclude that the trial court erred by not awarding Appellants reasonable attorney's fees and court costs as requested by Appellants and required by section 27.009(a). *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a) (if the court orders dismissal of a legal action under this chapter, the court shall award to the moving party court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require).

Accordingly, we sustain Appellants' issues on appeal.

### Conclusion

We reverse the trial court's denial of Appellants' motions to dismiss and remand this case to the trial court to grant Appellants' motions to dismiss and award Appellants reasonable attorney's fees and court costs in accordance with section 27.009(a).

/s/    William J. Boyce
            Justice

Panel consists of Justices Boyce, Jamison and Busby.

11