**Opinion filed November 7, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-18-00347-CV

_____

## TOMMY ROSSA, Appellant

## V.

## STEVEN SETH MAHAFFEY, Appellee

**On Appeal from the 32nd District Court**

**Nolan County, Texas**

**Trial Court Cause No. 19935**

## O P I N I O N

Appellant, Tommy Rossa, sued Appellee, Steven Seth Mahaffey,[1] for defamation. Mahaffey filed a motion to dismiss pursuant to the Texas Citizens Participation Act, *see* TEX. CIV. PRAC. & REM. CODE ANN. ch. 27 (West 2015) (the

---

[1]In the record, Appellee's first name is spelled both "Steven" and "Stephen." Appellee's counsel confirmed at oral argument in this court that the correct spelling is "Steven," and we will use that spelling in this opinion.

TCPA).[2]  The trial court granted the motion, dismissed the case with prejudice, and awarded Mahaffey $8,500 for attorney's fees, court costs, and expenses incurred to defend against Rossa's legal action.

In three issues, Rossa contends that the trial court erred when it granted the motion to dismiss because (1) Mahaffey failed to establish that Rossa's defamation claim was based on Mahaffey's exercise of a right protected by the TCPA, (2) Rossa established by clear and specific evidence a prima facie case for each essential element of the claim, and (3) Mahaffey failed to prove an affirmative defense by a preponderance of the evidence.  We affirm the trial court's order to the extent that it dismissed Rossa's defamation claim based on statements made by Mahaffey in pleadings filed in a divorce proceeding and awarded Mahaffey attorney's fees, court costs, and expenses.  We reverse the trial court's order to the extent that it dismissed Rossa's defamation claim based on statements made by Mahaffey to his parents and a family friend and remand that claim to the trial court for further proceedings.

*Background Facts*

Mahaffey was married to Rossa's daughter, Ashlyn.  After Mahaffey and Ashlyn divorced, they exchanged possession of their child at a location between their residences.  Rossa was present on September 3, 2017, when Mahaffey returned the child to Ashlyn.  According to Mahaffey, he and Rossa had a verbal confrontation during which Rossa reached behind his back.  Mahaffey knew that Rossa usually carried a gun behind his back and believed that Rossa was threatening to shoot him.

---

[2]The Texas legislature amended the TCPA effective September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 1–9, 12 (H.B. 2730) (to be codified at TEX. CIV. PRAC & REM CODE ANN. §§ 27.001, .003, .005–.007, .0075, .009–.010).  Because the underlying lawsuit was filed prior to September 1, 2019, the law in effect before September 1 applies. *See id.* §§ 11–12.  For convenience, all citations to the TCPA in this opinion are to the version of the statute prior to September 1, 2019. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, amended by Act of May 24, 2013, 83d Leg., R.S., ch. 1042, 2013 Tex. Gen. Laws 2499–2500.

Later that day, Mahaffey told his parents and Scotty Self, a family friend, "exactly what had occurred" and expressed his concerns for his and his child's safety.

Mahaffey filed a motion to modify custody in the divorce case on September 8, 2017. In the motion, Mahaffey described the confrontation with Rossa on September 3, 2017, and requested that Ashlyn be prohibited from bringing Rossa to any exchange of possession of the child. Mahaffey filed an amended motion to modify custody in the divorce case on June 6, 2018. As relevant here, Mahaffey alleged (1) that Ashlyn had made statements to the child's treating physicians about the child's conduct that indicated potential abuse by Rossa and (2) that Rossa had "threaten[ed] to shoot" Mahaffey during an exchange of possession of the child. Mahaffey requested extensive modifications to his and Ashlyn's periods of possession of the child, including that Mahaffey be appointed the person with the exclusive right to designate the child's primary residence.

On July 30, 2018, Rossa filed this suit against Mahaffey. Rossa alleged that Mahaffey had defamed him by publishing statements to "third parties" that Rossa had "placed his hand on a firearm and threatened Mahaffey with death or serious injury" and that Rossa had "physically abused" his grandchild. Rossa's petition did not specifically identify when, where, or to whom the allegedly defamatory statements were made.

The parties engaged in written discovery. Specifically, Mahaffey requested that Rossa identify each person to whom Mahaffey made an allegedly defamatory statement and the date on which each statement was made. Without providing the requested information, Rossa responded on September 7, 2018, that he would "supplement his response" to the interrogatories.

On September 14, 2018, Mahaffey responded to Rossa's interrogatories. In response to Rossa's request that Mahaffey identify all communications that he had

about the incident during the exchange of possession of Mahaffey's child and about Rossa's relationship with Mahaffey's child, Mahaffey disclosed (1) that, on September 3, 2017, he told his parents and Self "exactly what had occurred" during the custody exchange and that he had discussed the incident with his parents on other occasions and (2) that he had discussed with his parents information in his child's medical records that indicated that Ashlyn told a pediatrician "what her mother had told her regarding [the child's] reaction when [Rossa] started changing clothes and took off his belt in front of [the child]."

Mahaffey filed a motion to dismiss pursuant to the TCPA on September 25, 2018. Mahaffey asserted that Rossa's defamation claim arose from the statements made by Mahaffey in the motion to modify and the amended motion to modify filed in the divorce case and, therefore, was based on, related to, or in response to Mahaffey's exercise of the right to petition. In support of the motion, Mahaffey relied on the following: (1) his affidavit in which he stated that his interrogatory responses set out all communications that he had with anyone regarding the incident that occurred during the exchange of custody of his child or the information in his child's medical records; (2) the motion and amended motion to modify filed in the divorce case; (3) his responses to interrogatories; and (4) Rossa's responses to interrogatories.

On September 28, 2018, Rossa supplemented his responses to Mahaffey's interrogatories and identified Mahaffey's parents and Self as persons to whom Mahaffey had made allegedly defamatory statements. Mahaffey filed a supplemental motion to dismiss on October 17, 2018, in which he argued that Rossa had failed to establish a prima facie case of each essential element of his defamation claim. Attached to the supplemental motion were Rossa's supplemental responses to interrogatories; the affidavits of Mahaffey's parents, in which they stated that

4

Mahaffey had told them that he thought Rossa was "going to pull a gun on him" and that he had read in his child's medical records about the statements made by Ashlyn to the pediatrician about the child's response when Rossa removed his belt and that they had not discussed either incident with anyone other than Mahaffey's lawyer; and Self's affidavit, in which Self stated that Mahaffey had told Self about "his ex-wife's father making [Mahaffey] feel threatened and concerned about his safety and the safety" of his child and that Self discussed the incident only with his wife.

Rossa filed a response to the motion to dismiss in which he asserted that Mahaffey's speculation that Rossa's defamation claim was based on statements made by Mahaffey in a pleading in the divorce case did not establish that the TCPA applied, that Mahaffey admitted making the allegedly defamatory statements to three people, that damages were not an essential element of a defamation per se claim, and that Mahaffey had failed to establish a valid defense to the claim. The only evidence offered by Rossa was his affidavit in which he stated that he had never threatened Mahaffey with death or serious injury during an exchange of the child between Ashlyn and Mahaffey and that he had never abused his grandchild in any way.

In a reply in support of the motion to dismiss, Mahaffey argued that preliminary discovery showed that Rossa's pre-suit knowledge of the allegedly defamatory statements came solely from Mahaffey's pleadings in the divorce case. Mahaffey also argued that any statements that he made in the divorce case were absolutely privileged and could not constitute the basis of a defamation claim.

The trial court granted Mahaffey's motion to dismiss. The trial court specifically found that Rossa's defamation claim was based on, related to, or in response to Mahaffey's exercise of the right to petition and that Rossa failed to establish by clear and specific evidence a prima facie case for each essential element of his claim. The trial court dismissed Rossa's defamation claim and awarded

5

Mahaffey $8,500 for reasonable attorney's fees, court costs, and expenses incurred to defend against the claim.

*Analysis*

In three issues, Rossa argues that the trial court erred when it granted the motion to dismiss because (1) Mahaffey failed to establish that the TCPA applies to Rossa's claim, (2) Rosa met his burden to establish by clear and specific evidence a prima facie case for each essential element of his claim, and (3) Mahaffey failed to prove an affirmative defense. In one sentence, Rossa also contends that, "[b]ecause the trial court erred in granting [Mahaffey's] TCPA motion, the award of fees should be reversed, and the case remanded to the trial court for trial."

*The TCPA*

The TCPA protects citizens from retaliatory lawsuits meant to intimidate or silence them on matters of public concern. *Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 376 (Tex. 2019); *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding). The stated purpose of the TCPA is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." CIV. PRAC. & REM. § 27.002; *see also ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam). We construe the TCPA "liberally to effectuate its purpose and intent fully." CIV. PRAC. & REM. § 27.011(b); *see also State ex rel. Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018).

The TCPA provides a procedure to expedite the dismissal of a "legal action" that appears to stifle the defendant's exercise of the rights protected by the statute. *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018); *see also* CIV. PRAC. & REM. §§ 27.003(a), .005(b). The movant bears the initial burden to show by a

6

preponderance of the evidence that the legal action is based on, related to, or in response to the movant's exercise of the right of free speech, the right of association, or the right to petition. CIV. PRAC. & REM. §§ 27.003(a), .005(b); *see also S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). If the movant makes this showing, the burden shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of the claim in question. CIV. PRAC. & REM. § 27.005(c); *Elliott*, 564 S.W.3d at 847. Even when the nonmovant satisfies this burden, the trial court must dismiss the legal action if the movant "establishes by a preponderance of the evidence each essential element of a valid defense" to the nonmovant's claim. CIV. PRAC. & REM. § 27.005(d).

We review de novo the trial court's ruling on a TCPA motion to dismiss and the question of whether the parties satisfied their respective burdens as set out in the TCPA. *Hall*, 579 S.W.3d at 377. When we conduct this review, we consider the pleadings and the supporting evidence in the light most favorable to the nonmovant. *ETC Tex. Pipeline, Ltd. v. Addison Expl. & Dev., LLC*, 582 S.W.3d 823, 832 (Tex. App.—Eastland 2019, pet. filed); *see also* CIV. PRAC. & REM. § 27.006(a).

*Applicability of the TCPA*

In his first issue, Rossa contends that the trial court erred when it determined that Mahaffey met his burden to establish by a preponderance of the evidence that the TCPA applies to the defamation claim. In Rossa's petition, he did not specifically identify when, where, or to whom the allegedly defamatory statements were made, and Mahaffey did not file special exceptions to require Rossa to plead the specific factual basis for his claim. However, the evidence attached to the motion to dismiss established two sets of similar statements made by Mahaffey—the statements made in the motions filed in the divorce case and the statements made to Mahaffey's parents and to Self. Each republication of a defamatory statement

7

generally inflicts "separate and distinct injury" and can be a basis for a new claim. *Stephan v. Baylor Med. Ctr. at Garland*, 20 S.W.3d 880, 889 (Tex. App.—Dallas 2000, no pet.).

On appeal, both parties address whether Mahaffey established that the TCPA applies because Rossa's defamation claim was based on, related to, or in response to Mahaffey's exercise of the right to petition and right of free speech. However, in the trial court, (1) Mahaffey moved for dismissal only on the ground that Rossa's defamation claim was based on, related to, or in response to Mahaffey's exercise of the right to petition; (2) Mahaffey argued during the hearing on the motion to dismiss only that the TCPA applies based on his exercise of his right to petition; and (3) the trial court specifically found that Rossa's defamation claim was based on, related to, or in response to Mahaffey's exercise of his right to petition. Mahaffey did not assert, and the trial court did not find, that Rossa's claims were based on, related to, or in response to Mahaffey's exercise of his right of free speech. We, therefore, must consider whether any argument that Rossa's claim is based on, related to, or in response to Mahaffey's exercise of the right of free speech has been preserved for our review.

In *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894–95 (Tex. 2018), the defendant filed a motion to dismiss under the TCPA on the ground that the lawsuit was based on, related to, or in response to the defendant's exercise of the right of free speech. As defined by the TCPA, the "exercise of the right of free speech" is a communication made in connection with a matter of public concern. CIV. PRAC. & REM. § 27.001(3). A "matter of public concern" includes an issue related to health or safety; environmental, economic, or community well-being; the government; a public official or public figure; or a good, product, or service in the marketplace. *Id.* § 27.001(7). The Dallas Court of Appeals concluded that the

8

defendant waived any argument that his communications related to community or environmental well-being because he did not raise that subpart of the statutory definition in the trial court. *Adams*, 547 S.W.3d at 896. The supreme court disagreed that the defendant had not preserved the argument for appeal:

> Rules of error preservation should not be applied so strictly as to unduly restrain appellate courts from reaching the merits of a case. [The defendant] raised as an issue in the trial court and the court of appeals that he was entitled to dismissal under the TCPA because the defamation claim was based on his speech about a matter of public concern. He was not required on appeal or at trial to rely on precisely the same case law or statutory subpart that we now find persuasive.

*Id.*

In this case, however, the argument is not whether a subpart of the definition of "matter of public concern" as related to the exercise of the right of free speech was raised in the trial court. Rather, the parties argue about whether the TCPA applies due to Mahaffey's exercise of an enumerated right that was neither presented to nor ruled upon by the trial court. Although parties "are free to construct new *arguments* in support of issues" that are properly before the appellate court, we "do not consider *issues* that were not raised" in the trial court. *Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 764 n.4 (Tex. 2014); *accord Adams*, 547 S.W.3d at 896–97. On the record in this court, we conclude that whether the TCPA applies because Rossa's claim is based on, related to, or in response to Mahaffey's exercise of his right of free speech has not been preserved for our review. *See Forget About It, Inc. v. BioTE Med., LLC*, No. 05-18-01290-CV, 2019 WL 3798180, at \*4 (Tex. App.—Dallas Aug. 13, 2019, pet. filed) (limiting analysis on appeal to bases for TCPA applicability that were asserted in the trial court); *Cavin v. Abbott*, 545 S.W.3d 47, 67 & n.80 (Tex. App.—Austin 2017, no pet.) (concluding that TCPA

appeal is confined to conduct described in TCPA motion as basis for TCPA applicability).

We next turn to whether Mahaffey established that Rossa's claim is based on, related to, or in response to Mahaffey's exercise of the right to petition. Rossa argues that Mahaffey failed to carry this burden because the defamation claim arises only from Mahaffey's statements to his parents and to Self and not from Mahaffey's statements in the pleadings in the divorce case. However, in Rossa's petition, he failed to identify any specific statement that he claimed was defamatory and did not limit his claim to the statements made by Mahaffey to his parents and to Self. Because Rossa's petition is broad enough to cover Mahaffey's statements in the motion to modify and amended motion to modify and because the parties argued about those statements in the trial court, we will address them in this appeal.

To determine whether the TCPA applies, courts are required to consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." CIV. PRAC. & REM. § 27.006(a). This "unique language" directs us to decide the statute's applicability based on a "holistic review" of the pleadings. *Adams*, 547 S.W.3d at 897. Our focus is "on the pleadings and on whether, as a matter of law," they demonstrate that the claim falls within the TCPA. *Id.* "When it is clear from the plaintiff's pleadings that the action is covered by the [TCPA], the defendant need show no more." *Id.* (quoting *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017)).

The exercise of the right to petition, as defined by the TCPA, includes a communication in or pertaining to a judicial proceeding. CIV. PRAC. & REM. § 27.001(4)(A)(i). "Communication," in turn, includes "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1). Finally, a "judicial proceeding," as used

in the TCPA, is an "actual, pending, judicial proceeding" and does not include anticipated or potential judicial proceedings. *Levatino v. Apple Tree Café Touring, Inc.*, 486 S.W.3d 724, 728–29 (Tex. App.—Dallas 2016, pet. denied); *see also Long Canyon Phase II & III Homowners Ass'n v. Cashion*, 517 S.W.3d 212, 220 (Tex. App.—Austin 2017, no pet.).

As noted, Rossa's petition in this case does not contain any specific allegations about when, where, and to whom the allegedly defamatory statements were made. Therefore, Rossa's petition, viewed "holistically," does not demonstrate that the defamation claim falls within the TCPA because the claim is based on, related to, or in response to Mahaffey's exercise of the right to petition.

However, as to Mahaffey's statements to his parents and to Self, there is no evidence that those statements were made in or pertaining to a pending judicial proceeding. Therefore, Mahaffey failed to establish that those statements constituted an exercise of his right to petition, and the trial court erred when it determined that the TCPA applied to Rossa's defamation claim based on Mahaffey's statements to his parents and to Self.

Mahaffey's statements in the motion to modify and the amended motion to modify custody were made in the divorce case, which was a pending judicial proceeding. Accordingly, Mahaffey met his burden to establish that he exercised his right of petition when he made those statements. The next question is whether Mahaffey established that Rossa's defamation claim is based on, related to, or in response to Mahaffey's statements in the divorce case. *See* CIV. PRAC. & REM. §§ 27.003, .005(b).

We may consider circumstantial evidence to determine whether the parties met their burdens under the TCPA. *See Andrews Cty. v. Sierra Club*, 463 SW.3d 867, 867 (Tex. 2015) (per curiam); *In re Lipsky*, 460 S.W.3d at 587–90. Mahaffey

11

established that, in the amended motion to modify, he sought extensive changes in the possession of his and Ashlyn's child; that the factual support for the requested changes in custody included Rossa's conduct during the change of possession and the child's reaction when Rossa removed his belt; that Rossa filed the defamation claim less than two months after the amended motion to modify was filed; that Rossa's description in his petition of the allegedly defamatory statements mirrored statements made by Mahaffey in the amended motion to modify; that, in response to discovery requests, Rossa initially failed to identify any specific statement made by Mahaffey that Rossa alleged was defamatory; and that Rossa identified the statements made by Mahaffey to his parents and to Self only after Mahaffey disclosed those statements in his own responses to discovery. On this record, we hold that Mahaffey established that Rossa's petition was at least in part related to Mahaffey's amended motion to modify filed in the divorce case. *See Brown Sims, P.C. v. L.W. Matteson, Inc.*, No. 04-18-00596-CV, 2019 WL 4739439, at \*3 (Tex. App.—San Antonio Sept. 30, 2019, no pet. h.) (noting that movant need show only that claim "merely *relates to*" a communication made in or pertaining to a judicial proceeding).

We overrule Rossa's first issue, in part, and hold that the trial court did not err when it determined that the TCPA applied to Rossa's defamation claim based on allegedly defamatory statements made by Mahaffey in pleadings filed in the divorce case. We sustain Rossa's first issue, in part, and hold that the trial court erred when it determined that the TCPA applied to Rossa's defamation claim based on allegedly defamatory statements made by Mahaffey to his parents and to Self.

*Prima Facie Case*

In his second issue, Rossa contends that the trial court erred when it determined that Rossa failed to establish by clear and specific evidence a prima facie

case of each essential element of his defamation claim. Mahaffey responds that the statements that he made in the motion to modify and amended motion to modify were absolutely privileged.

The absolute privilege bars claims that are based on communications that are related to a judicial proceeding in which the claimant seeks damages for reputational harm. *Deuell v. Tex. Right to Life Comm., Inc.*, 508 S.W.3d 679, 689 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). The scope of the privilege extends to any statements made by the judges, jurors, counsel, parties, or witnesses and attaches to all aspects of the proceedings, including statements made in open court, hearings, depositions, affidavits, and any pleading or other papers in the case. *James v. Brown*, 637 S.W.2d 914, 916–17 (Tex. 1982) (per curiam); *Deuell*, 508 S.W.3d at 689.[3] Such communications "will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made." *James*, 637 S.W.2d at 916; *see also Deuell*, 508 S.W.3d at 689. Therefore, the absolute privilege is "more properly thought of as an immunity" from a claim that contains allegations of reputational harm from a communication in a judicial proceeding. *Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015) (quoting *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 768 (Tex. 1987)).

Whether an allegedly defamatory communication is related to a judicial proceeding is a question of law. *Fitzmaurice v. Jones*, 417 S.W.3d 627, 633 (Tex. App.—Houston [14th Dist.] 2013, no pet.), *disapproved of on other grounds by In re Lipsky*, 460 S.W.3d at 587–89; *see also Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909, 912 (Tex. 1942). We consider the entire communication in its context

---

[3]The privilege is not limited to statements made in pending cases. Rather, it applies to any statement that bears some relation to an existing or proposed judicial proceeding. *See Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654–55 (Tex. 2015). Because the statements at issue in this case were made in a pending judicial proceeding, we need not discuss the applicable standard for extending the privilege to statements that are related to a proposed judicial proceeding.

and must extend the privilege to any statement that bears some relation to the judicial proceeding. *Fitzmaurice*, 417 S.W.3d at 633. We also must resolve all doubt in favor of the privilege. *Id.*

Rossa seeks to recover for harm to his reputation based on statements made by Mahaffey in the motion to modify and amended motion to modify. However, it is undisputed that Mahaffey's statements were made in the divorce case and had some relation to that proceeding. Therefore, because Mahaffey's statements in the divorce case are absolutely privileged and cannot serve as a basis for Rossa's defamation claim, *see James*, 637 S.W.2d at 916–17; *Deuell*, 508 S.W.3d at 689, Rossa did not, and indeed cannot, establish a prima facie case for defamation based on those statements, *see Hall*, 579 S.W.3d at 382 (concluding that movant failed to meet its burden under the TCPA to show a prima case for defamation because media defendant's reporting fell within privileges established by Sections 73.002 and 73.005 of Civil Practice and Remedies Code). Accordingly, we overrule Rossa's second issue. Based on our resolution of Rossa's first and second issues, we need not address his third issue. *See* TEX. R. APP. P. 47.1.

*Attorney's Fees, Court Costs, and Expenses*

Finally, although not identified as an issue, Rossa argues in one sentence that, "[b]ecause the trial court erred in granting [Mahaffey's] TCPA motion, the award of fees should be reversed, and the case remanded to the trial court for trial." The TCPA mandates that, if the court dismisses a claim pursuant to that statute, it shall award to the movant "court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require." CIV. PRAC. & REM. § 27.009(a)(1). We have concluded that the trial court did not err when it granted Mahaffey's motion to dismiss as to Rossa's defamation claim based on the statements made by Mahaffey in the motion to modify and amended

motion to modify.  Mahaffey, therefore, was entitled to an award of attorney's fees, court costs, and expenses, and Rossa has not challenged the amount of that award. We, therefore, decline to disturb the trial court's award of attorney's fees, court costs, and expenses to Mahaffey.

*This Court's Ruling*

We reverse the trial court's order to the extent that it dismissed Rossa's defamation claim based on statements made by Mahaffey to his parents and to Self, and we remand that claim to the trial court for further proceedings.  We affirm the trial court's order in all other respects.

JIM R. WRIGHT

SENIOR CHIEF JUSTICE

November 7, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[4]

Willson, J., not participating.

---

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.